UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADISSON SAWICKI, individually
and on behalf of others similarly situated,

    Plaintiff,                                Case No.:

vs.

TAMPA HYDE PARK CAFÉ' PROPERTIES, LLC,
PETER HANNOUCHE, Individually,
CHRISTOPHER SCOTT Individually,
and THOMAS ORTIZ, Individually,

    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MADISSON SAWICKI, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendants TAMPA HYDE PARK CAFÉ' PROPERTIES, LLC (hereinafter known as "CAFÉ'"), PETER HANNOUCH, individually, (hereinafter known as "HANNOUCHE"), CHRISTOPHER SCOTT, individually, (hereinafter referred to as "SCOTT") and THOMAS ORTIZ, individually (hereinafter known as "ORTIZ"), collectively known as "DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Hillsborough County, Florida.

4. Defendant, CAFÉ', is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County. At all times material Defendant, CAFÉ', was an employer as defined by the FLSA.

5. Defendant, HANNOUCHE, is the manager of Tampa Hyde Park Café' Properties, LCC and was acting in a supervisory capacity for Defendant, CAFE'. Defendant HANNOUCHE, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, HANNOUCHE, possessed operational control

of business activities.

6. Defendant, SCOTT, is the manager of Tampa Hyde Park Café' Properties, LLC and was acting in a supervisory capacity for Defendant, CAFÉ'. Defendant, SCOTT had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, MK JOHNSON, possessed operational control of business activities.

7. Defendant, ORTIZ, is the manager of Tampa Hyde Park Café' Properties, LLC and was acting in a supervisory capacity for Defendant, CAFÉ'. Defendant, ORTIZ had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, MK JOHNSON, possessed operational control of business activities.

8. Defendants, HANNOUCHE, SCOTT and ORTIZ, were involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

9. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

10. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

11. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

12. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of her job with Defendants, 29 U.S.C. §207(a)(1).

13. Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

14. Plaintiff began her employment on or about September 3, 2021.

15. Plaintiff was paid a purported tip minimum wage and earned tips from customers in addition.

16. When Plaintiff began, she was required to train for four days for which she was to earn $10.00 per hour. Plaintiff was not paid for her earned training hours until October 12, 2021.

17. Plaintiff was paid bi-weekly but was only compensated for roughly half of her earned hourly pay.

18. On October 23, 2021, Plaintiff had a customer walk out on their tab of approximately $899.00. Plaintiff was informed by her manager and one of the owners that they would be deducting the customer's billed amount from her current and future earnings. Defendants withheld $200.00 from her tips that evening and informed her that the remaining amount would be withheld from future earnings.

19. On October 26, 2021, Plaintiff was constructively discharged after objecting to the unlawful pay deductions.

20. Plaintiff also observed her manager altering and editing employee time punches.

## COUNT I
## FLSA MINIMUM WAGE AS TO ALL DEFENDANTS

21. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

22. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

23. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for all

damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II

24. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

25. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

26. Throughout their employment, individuals similarly situated to Plaintiff were not compensated with minimum wage for all hours they worked pursuant to the FLSA.

27. Defendants' failure to pay such similarly situated individuals the required minimum wage was intentional and willful.

28. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems

just and proper.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES AS TO TAMPA HYDE PARK CAFÉ' PROPERTIES, LLC

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty (20).

30. Plaintiff earned wages and commissions over the course of her employment which are owed and payable by the Defendant, CAFÉ' pursuant to Florida Statute Chapter 448.08.

31. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not FLSA violations.

32. Defendant, CAFÉ', despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, CAFÉ', for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**DATED** this 12th day of January 2022.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
wolfgang@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff