UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADISSON SAWICKI,

    Plaintiff,

v.                                  Case No.: 8:22-cv-102-MSS-AAS

TAMPA HYDE PARK CAFE
PROPERTIES, LLC, THOMAS
ORTIZ, PETER HANNOUCHE,
and CHRISTOPHER SCOTT,

    Defendant.
_____/

## ORDER

Defendant Tampa Hyde Park Cafe Properties, LLC moves to quash improper service of process. (Doc. 8). Plaintiff Madisson Sawicki opposes the motion. (Doc. 10).

On January 13, 2022, the Clerk of Court issued a summons addressed to: Tampa Hyde Park Cafe Properties, LLC, c/o Thomas Ortiz as Registered Agent, 303 South Melville Avenue, Tampa, FL, 33602. (Doc. 4). According to Ms. Sawicki's proof of service, Defendant was served on January 14, 2022, by serving an assistant for Defendant's registered agent. (*See* Doc. 7).

Federal Rule of Civil Procedure 4(h) governs service on a business entity within a judicial district of the United States and provides that service of process may be accomplished:

 (1) in a judicial district of the United States:
  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
  (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
 (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Rule 4(e)(1) provides that service of process may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Section 48.062(1), Florida Statutes, states process against a limited liability company may be served "on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office." "If the return [of service] is regular on its face, then the service of process is presumed to be valid." *Morales L. Grp., P.A. v. Rodman*, 305 So. 3d 759, 761 (Fla. 3d DCA 2020) (*quoting Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)). "'Regular on its face' means the return of service attests to all the information required by the service statute." *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019).

The affidavit of service filed with this court is regular on its face. The

affidavit of service states process was served on "Beth K. as Assistant, who stated they are authorized to accept service" for Defendant in care of Defendant's registered agent. (Doc. 7) (emphasis removed). The affidavit indicates the time the summons was served, the documents provided, and the address of service at 303 South Melville Avenue, Tampa, FL, 33606. The affidavit thus attests all necessary information such that service on Defendant is presumed valid.

Defendant does not claim Beth K. is not an employee of the registered agent of Defendant and raises no further argument that service was improper beyond asserting "Plaintiff did not effect service of process in the manner and method required by [FLA. STAT. 48.062]." (Doc. 8, p. 2). Defendant has thus not overcome the presumption that service of process was valid. Accordingly, the motion to quash service of process on Tampa Hyde Park Cafe Properties, LLC (Doc. 8) is **DENIED**.

**ORDERED** in Tampa, Florida on February 28, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge