UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADISSON SAWICKI,

    Plaintiff,

v.                                        Case No.: 8:22-cv-102-MSS-AAS

TAMPA HYDE PARK CAFÉ
PROPERTIES, LLC, THOMAS
ORTIZ, PETER HANNOUCHE,
and CHRISTOPHER SCOTT,

    Defendant.
_____/

## ORDER

Plaintiff Madisson Sawicki moves to compel the appearance of Defendants Thomas Ortiz, Peter Hannouche, and Christopher Scott at their depositions (collectively, the Individual Defendants). (Doc. 31). Ms. Sawicki also moves for sanctions against the Individual Defendants for failing to appear at their prior noticed depositions. (*Id.*). The Individual Defendants respond in opposition. (Doc. 33). For the foregoing reasons, Ms. Sawicki's motion is **GRANTED**.

### I.    BACKGROUND

This action arises over a dispute between Ms. Sawicki, Ms. Sawicki's former employer, Defendant Tampa Hyde Park Café (THPC), and the Individual Defendants (each of whom supervised Ms. Sawicki during her

employment at THPC). (Doc. 14). Ms. Sawicki alleges the defendants failed to pay her (and other employees similarly situated) minimum wage and raised claims against the defendants under state and federal law for unpaid wages and minimum wage violations. (*Id*. at ¶ 13–35). On June 17, 2022, District Judge Mary Scriven concluded Ms. Sawicki's amended complaint "plausibly alleges a basis for relief under the [Fair Labor Standards Act (FLSA)]." (Doc. 23). On February 15, 2023, THPC filed a suggestion of bankruptcy. (Doc. 30).

## II.   LEGAL STANDARD

A party may obtain discovery about any non-privileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a).

## III.   ANALYSIS

The parties agree that THPC's suggestion of bankruptcy imposes an automatic stay on "the commencement or continuation . . . of a judicial . . . proceeding against the debter [sic] that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). *See also* (Doc. 31, Ex. A) (wherein counsel for Ms. Sawicki agrees to "abide by the effect of the automatic stay in connection with [THPC]."). The legal dispute at center of Ms.

Sawicki's motion is what effect this automatic stay has on Ms. Sawicki's ability to litigate against the Individual Defendants, who have not filed for bankruptcy.

Ms. Sawicki argues because the Individual Defendants are non-debtors and because "THPC is not a necessary party to [Ms. Sawicki's] action," the Individual Defendants "cannot rely on THPC's suggestion of bankruptcy to avoid having their deposition[s] taken." (Doc. 31, pp. 3–4) (*citing Souder v. Premier Auto. on Atl., LLC*, Case No. 3:08-cv-973-J-32JRK, 2009 WL 691916, at *1 (M.D. Fla. March 13, 2009)). The Individual Defendants concede THPC is not an indispensable party but otherwise disagree that their depositions would not violate the automatic stay imposed on THPC under Section 362 because "[Ms. Sawicki] is proceeding against [THPC] when it proceeds against [the Individual Defendants] since [THPC] is a party to Counts I and II [in Ms. Sawicki's complaint]." (Doc. 33, pp. 3–4).

"While the Bankruptcy Code provides that an automatic stay be imposed on any proceedings *against the debtor*, it does not explicitly provide for such a stay to be automatically extended to a non-debtor co-defendant." *Gregus v. Plan 4 Coll., Inc.*, Case No. 8:09-cv-1392-T-24-AEP, 2009 WL 3064664, at *2 (M.D. Fla. Sept. 18, 2009) (*citing* 11 U.S.C. § 362). Courts in and around this district uniformly agree: "[t]he law makes clear . . . that the automatic stay provisions of section 362(a) generally are not available to third-party non-

3

debtors." *In re Sunbeam Sec. Litig.*, 261 B.R. 534, 536 (S.D. Fla. 2001) (citing cases). *See also In re Hillsborough Holdings Corp. et al.*, 130 B.R. 603, 606 (Bankr. M.D. Fla. 1991) ("this Court is constrained to reject the proposition stated and the notion that the protection accorded by § 362 could be extended to non-debtors."); *Cayago Americas, Inc. v. Heinen*, Case No. 21-cv-61035-RAR, 2022 WL 1238681, at *1 (S.D. Fla. Apr. 25, 2022) ("the clear language of Section 362(a)(1) . . . extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants.") (internal citations omitted).

The Individual Defendants argue in response that "although [Ms. Sawicki] may be able to bring a claim against [the Individual Defendants] under the FLSA, her claim is still to recover the wages, that she alleges [THPC] owes her, from [the Individual Defendants]." (Doc. 33, p. 4). But without the protection of the stay, "there is no privilege for a Debtor to prevent discovery of *other* parties' records in the context of a suit against non-bankrupt co-defendants, even if they pertain to the Debtor, as long as they are not 'property of the estate,' nor sought in connection with advancing a claim against the Debtor." *Michael K. Sheils Tr. v. Kuhn*, Case No. 6:08-CV-1704-ORL-DAB, 2009 WL 10670734, at *3 (M.D. Fla. July 10, 2009) (*citing* 11 U.S.C. § 362).

The Individual Defendants' argument relies on the notion that Ms. Sawicki's attempts to obtain discovery from the Individual Defendants are

4

actually attempts to pursue her claim against THPC because Ms. Sawicki cannot prevail on Counts I or II of her complaint "without proving that [THPC] owes her wages." (Doc. 33, p. 3). The lone case the Individual Defendants cite in support of their position, *In re Timbs*, 178 B.R. 989 (Bankr. E.D. Tenn. 1994), involves the pursuit of garnishment proceedings against a debtor who obtained an automatic stay under § 362 and is thus inapposite to the present motion.

Ms. Sawicki's amended complaint alleges each of the Individual Defendants "possessed operational control of business activities, was involved in the day-to-day operations of [THPC], and had direct responsibility for the supervision of [Ms. Sawicki]" such that each of the Individual Defendants is individually liable as an employer under the FLSA. (Doc. 14, ¶¶ 5–7). *Alvarez Perez v. Sanford-Orlando Kennel Club. Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). Ms. Sawicki thus "is not attempting to proceed against those entities named in the Order automatically staying the case, but rather is only seeking to proceed against the non-debtor co-defendants, and thus as in *In re Hillsborough Holdings Corp.* . . . the stay order has not been violated." *Pride Fam. Brands, Inc. v. Carls Patio, Inc.*, Case No. 12-21783-CIV, 2013 WL 4647216, at *4 (S.D. Fla. Aug. 29, 2013).

To the extent the Individual Defendants' response may be construed as a request to extend THPC's automatic stay to cover the Individual Defendants, "[w]hile there are instances where a bankruptcy court may properly stay

5

proceedings against non-bankrupt co-defendant, such extensions may be made only when unusual circumstances exist that would justify such an extension . . . [h]owever, such an extension is not automatic and an order must be obtained through the affirmative request of the debtor in the bankruptcy court where the bankruptcy proceeding is pending." *Gregus*, 2009 WL 3064664, at *2 (internal citations omitted). The Individual Defendants' response provides no argument that unusual circumstances justify such an extension of the stay and makes no claim that the Individual Defendants are pursuing an extension order from the bankruptcy court presiding over THPC's suggestion of bankruptcy.

### IV. CONCLUSION

The Individual Defendants have not established THPC's automatic stay bars Ms. Sawicki from deposing them in their individual capacities. Ms. Sawicki's Motion to Compel (Doc. 31) is thus **GRANTED**. Ms. Sawicki's attorney's fees and expenses incurred in bringing this motion are awarded against the Individual Defendants. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Ms. Sawicki is also awarded the attorney's fees and stenographer expenses she incurred because of the Individual Defendants' failure to appear

at their depositions. *See* Fed. R. Civ. P. 37(d)(3) (courts must order a party who fails to appear for a properly noticed deposition "to pay the reasonable expenses, including attorney's fees, caused by the failure").

Counsel for both parties must confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred in relation to this motion and the Individual Defendants' prior non-appearances. If counsel cannot agree, Ms. Sawicki may move for the amount requested, with supporting documentation.

**ORDERED** in Tampa, Florida on July 28, 2023.

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge